The judgment of the court was pronounced by
Eustis, C. J.
This is a suit for taxes imposed by the municipality on the property of the Louisiana State Bank. "The bank had judgment in the court of the first instance, and the municipality has appealed.
By the charter of the bank, “in consideration of the privileges and benefits conferred by this act upon the said bank,” the bank undertook to pay to the State the sum of one hundred thousand dollars in ten equal annual payments; and in the same section it is provided, that the stock and real estate, belonging to said bank, shall forever be exempt from the payment of any State tax, and from the payment of any tax laid by any parish or other body politic or corporate under the authority of this Stake.
The tax sought to be exacted, we understand to be imposed on real estate, and the authority on the part of the municipality to impose it, to be asserted to be derived from the State. The exaction would be in direct conflict with the charter.
But it is said, this privilege of the corporation, which was granted for a fair equivalent, is repealed by the 127th article of the Constitution, which provides for equality and uniformity of taxation throughout the State.
The repeal would, under the argument presented, rest but upon an implication. Such We do not understand to be the purpose of this Constitution, which provides that no law impairing the obligation of contracts shall be passed, and *398 that vested rights shall not be divested, unless for purposes of public utility, and for adequate compensation previously made. Art. 109. We think the whole sense and tenor of the instrument excludes any such construction as that contended for.
The judgment of the district court is therefore affirmed, with costs.